UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LELAND OZAWA, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>　　　　Defendants. | 2:12-CV-494 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiffs Leland and Janelle Ozawa's motion for preliminary injunction. (Doc. #7). Defendants The Bank of New York Mellon, sued in its capacity as a trustee, Bank of America, National Association, BAC Home Loans Servicing, LP, and Recontrust Company, N.A have filed an opposition (doc. #13), to which plaintiffs have not replied.

Plaintiffs complaint raises three causes of action, declaratory relief, injunctive relief, and wrongful foreclosure. Of course, neither declaratory relief nor injunctive relief are causes of action, rather they are requested remedies. *See Aguilar v. WMC Mortg. Corp.*, 2010 WL 198951, *4 (D. Nev. Jan. 15, 2010) (declaratory relief not a cause of action); *Josephson v. EMC Mortg. Corp.*, 2010 WL 4810715, *3 (D. Nev. Nov. 19, 2010) (injunctive relief not a cause of action). Accordingly, this court need not analyze these "causes of action" for purposes of the present motion.

To prevail in their motion for a preliminary injunction regarding their claim of wrongful foreclosure, plaintiffs must establish: (1) a likelihood of success on the merits; (2) a likelihood of

**James C. Mahan**
**U.S. District Judge**

irreparable injury if the preliminary injunction is not granted; (3) that the balance of hardships tips in plaintiffs' favor; and (4) that an injunction is in the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

The court finds that plaintiffs are unlikely to prevail in their action for wrongful foreclosure. To challenge the validity of a foreclosure action, plaintiffs must establish that the home was foreclosed upon in the absence of any breach of the mortgage agreement on plaintiffs' part. As stated by the Nevada Supreme Court, "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised, or the foreclosure occurred, no breach of condition or failure of performance existed. . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

Plaintiffs do not dispute that they failed to tender the amounts due and owing pursuant to the mortgage agreement. Mot. at 2:11-12. Accordingly, they cannot establish the prima facie elements for a wrongful foreclosure claim. *See Collins*, 662 P.2d at 623.

Plaintiffs' argument that ReconTrust lacked the authority to record the notice of default is similarly without merit. Plaintiffs contend that because ReconTrust was not the trustee at the time it recorded the notice, the foreclosure is defective. However, the agent of a foreclosing party may execute and record the notice of default. *See* NRS § 107.080(2)(C); *Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240 (D. Nev. 2010) (finding that where a party files a notice of default as an agent, prior to becoming trustee, foreclosure is properly completed).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a preliminary injunction (doc. #7) be, and the same hereby is, DENIED.

DATED April 6, 2012.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**