1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LELAND OZAWA, an individual; and
JANELLE OZAWA, an individual,

          Plaintiffs,

v.

THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW
YORK, et al.,

          Defendants.

2:12-CV-494 JCM (RJJ)

16
**ORDER**

17
18
19
20
    Presently before the court is the defendants' motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and expunge lis pendens.  (Docs. # 21 & 22).  Plaintiffs, Leland and Janelle Ozawa,  filed an opposition (doc. # 33), to which the defendants replied (doc. # 34).

21
    **I.**    **Background**

22
23
24
    On or about May 11, 2006, plaintiffs purchased a home in Las Vegas secured by a deed of trust in the amount of $862,981 with Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary.  (Doc. # 21, Ex. A).[1]  Sometime thereafter, "the [plaintiffs] began having difficulty

25

26
27
28
    [1] The court judicially notices the deed of trust, properly recorded in Clark County, provided in the defendants' answer and motion to dismiss. *Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are

James C. Mahan
U.S. District Judge

1   keeping up with their monthly mortgage payments." (Doc. # 1-2; 4:27-28).

2       On or about December 3, 2009, Recontrust, acting as an agent of MERS, notarized and

3   recorded a notice of default and election to sell. (Doc. # 1-2, Ex. 3). Also on December 3, 2009,

4   MERS assigned all beneficial interest under the deed of trust to Bank of New York Mellon, (doc.

5   # 1-2, Ex. 1), and Bank of New York Mellon substituted Recontrust as trustee of the deed of trust

6   (doc. # 1-2, Ex. 2).

7       However, the assignment and substitution were not notarized until January 13, 2010, and not

8   recorded until January 20, 2010.[2]  On the notarized assignment from MERS to Bank of New York

9   Mellon, the notary inadvertently dated the document January 13, 2030.  Recontrust, Bank of

10  America, and Bank of New York Mellon proceeded with the foreclosure process after plaintiffs

11  defaulted on their payments beginning as early as January 2009. (Doc. # 1-2; 5:3-5 & Ex. 3).

12      A trustee's sale eventually occurred on January 5, 2012.  According to plaintiffs, the sale was

13  improper under the following theory: (1) the notarized assignment of the deed of trust from MERS

14  to Bank of New York Mellon was invalid because of the incorrect date when notarized; (2)

15  Recontrust had no authority to execute a notice of default and election to sell under the deed of trust

16  in December 2009, because Bank of New York Mellon had yet to substitute Recontrust as trustee

17  under the deed of trust; and, (3) these facts together create a cause of action for declaratory relief,

18  injunctive relief, and wrongful foreclosure and illegal sale under NRS § 107.080.

19      **II.     Discussion**

20          **A.     Legal Standard**

21      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

22  be granted." FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

23  ──────────────

24  not subject to reasonable dispute.")

25      [2]The facts section in plaintiffs' complaint does not make entirely clear the sequence of events
    regarding assignments and substitutions of the deed of trust.  However, plaintiffs attached public
26  records from Clark County as exhibits to the complaint.  (Doc. # 1-2, Exs. 1-4).  The court takes
    judicial notice that the assignment from MERS to Bank of New York Mellon occurred on January
27  13, 2010.  (Doc. # 1-2, Exs. 1 & 2); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)
    ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'").

28

**James C. Mahan**
**U.S. District Judge**

1  statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

2  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

3  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

4  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

5  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,

6  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

7  to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

8       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

9  considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

10  in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.

11  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

12  suffice. *Id*. at 1949.  Second, the court must consider whether the factual allegations in the complaint

13  allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's

14  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

15  liable for the alleged misconduct. *Id*. at 1949.

16       Where the complaint does not permit the court to infer more than the mere possibility of

17  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.

18  (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

19  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

20              **B.**    **Wrongful foreclosure**

21       To succeed on a claim for wrongful foreclosure, plaintiffs must show that (1) defendants

22  exercised a power of sale or foreclosed on plaintiff's property and (2) at the time the power of sale

23  was exercised, there was no breach of condition or failure of performance by plaintiffs that would

24  have authorized the foreclose. *Collins v. Unions Fed. Sav. & Loan Ass'n.*, 99 Nev. 284, 304 (Nev.

25  1983).  "The material issue of fact in a wrongful foreclosure claim is whether the [plaintiff] was in

26  default when the power of sale was exercised." *Id.*

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

                                              - 3 -

All parties agree that a foreclosure occurred.  However, in the complaint, plaintiffs never contend they were current in their payments at the time of the foreclosure.  In fact, the complaint states the opposite because plaintiffs were "having difficulty keeping up with their monthly mortgage payments." (Doc. 1-2; 4:27-28).  Plaintiffs have not alleged facts that, if assumed to be true, would entitle to them to relief for wrongful foreclosure.  *See Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-1304-RCJ-RJJ, 2009 WL 160241, at *6 (D. Nev. Jan. 22, 2009) ("Plaintiff does not contest that he defaulted on the loan.  Therefore, Defendants had a right to foreclose.").  The third cause of action for wrongful foreclosure and illegal sale under N.R.S. § 107.080 in plaintiffs' complaint fails.

## I.      Assignment and substitution

Recontrust executed the notice of default and election to sell on December 3, 2009.  The notarized and recorded notice of default and election to sell state explicitly that Recontrust was acting as agent of MERS.  (Doc. #1-2, Ex. 3).  Then, on January 13, 2010, MERS assigned the beneficial interest under the deed of trust to Bank of New York Mellon.  However, the actual notarized document stated January 13, 2030.  Further, Recontrust was not substituted in as trustee by Bank of New York Mellon until January 13, 2010.

Plaintiffs' counsel argues that the entire foreclosure was invalid, not because plaintiffs were current on their payments as the law requires, but, rather, because the date on the notarized assignment was incorrect.  On the issue of the notarial mistake, Nevada law holds precisely the opposite.  In Nevada, courts may waive certain technical notarial violations.  *See Torrealba v. Kesmetis*, 124 Nev. 95, 107 (Nev. 2008) (addressing fraud in notarizations and not simple scrivener's error); *see also Allen v. Hernon*, 74 Nev. 238, 243 (Nev. 1958) (holding that a defective acknowledgment by a notary does not invalidate the instrument).  The simple, but harmless, mistake of incorrectly dating the assignment during notarization does not invalidate the entire foreclosure.

At the time of these events, there was nothing improper under Nevada law about the sequence of first executing a notice of default and later recording the substitution of trustee.  The applicable version of N.R.S. § 107.080 at the time Recontrust executed the notice of default did not require substitution of a trustee to be recorded at all, much less before executing a notice of default.  The

James C. Mahan
U.S. District Judge

current version of N.R.S. § 107.080, effective October 1, 2011, requires a substitution of trustee to be recorded to become valid.  *See* Assembly Bills 273 and 284.  The current version of the bill was not intended to be retroactive.

### C.   Declaratory and injunctive relief

The second cause of action in plaintiffs' complaint is for injunctive relief.  (Doc. # 1-2, at 7).  Under Nevada law, injunctive relief is not a cause of action, but rather a type of remedy.  *See In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007).  The first cause of action in the complaint is declaratory relief.  (Doc. # 1-2, at 6).  Like injunctive relief, declaratory relief is not an independent cause of action.  *Aguilar v. WMC Mortgage Corp.*, No. 2:09-cv-1416-ECR-PAL, 2010 WL 185951, at *4 (D. Nev. Jan. 15, 2010).  Moreover, the declaratory relief "claim" fails because it is duplicative and only asserts violations of N.R.S. § 107.080.  *Josephson v. EMC Mortg. Corp.*, No. 2:10-cv-336-JCM-PAC, 2010 WL 4810715, at *3 (D. Nev. Nov. 19, 2010) ("Declaratory relief is a form of relief which is not intended to furnish the plaintiffs with a second cause of action for the determination of identical issues.")

### D.   Lis Pendens

Plaintiffs have failed to state a cause of action.  Therefore, the lis pendens recorded by plaintiffs must be expunged pursuant to N.R.S. § 14.015(2) and (3).

Therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (doc. #21) be, and the same hereby is, GRANTED and plaintiffs' complaint is DISMISSED without prejudice.

FURTHER, IT IS ORDERED, ADJUDGED, AND DECREED that defendants' motion to expunge lis pendens (doc. # 22) is GRANTED.

DATED August 24, 2012.

_____
UNITED STATES DISTRICT JUDGE